UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVELLE CHAPMAN, | No. 2:17-cv-1138 MCE AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M. VOONG, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I. Procedural History

On July 18, 2019, the undersigned screened the complaint and recommended that it be dismissed without leave to amend for failure to state a claim because plaintiff was alleging a due process violation in the processing of a prison administrative grievance. ECF No. 6. Plaintiff objected to the findings and recommendations on the ground that he wanted leave to amend the complaint to assert an access to the courts claim based on the deficient processing of his grievance. ECF No. 9. In response to the objections, the findings and recommendations were vacated, and plaintiff was given an opportunity to file an amended complaint (ECF No. 10), which he has now done (ECF No. 13).

////

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As in the original complaint, the only defendants named in the first amended complaint are appeals examiners Voong, Hemingway,[1] and Foston, who plaintiff claims violated his rights in relation to an administrative appeal of a disciplinary charge. ECF No. 13 at 3, 10-14. Specifically, he alleges that Hemingway partially granted his appeal at the third level, but a month and a half later, after plaintiff had been told his administrative remedies were exhausted, Foston amended the response to the appeal to a denial. Id. at 10-14. Voong, who is their supervisor, signed off on both decisions. Id. at 12. Plaintiff claims that these actions denied him access to the courts by "frustrat[ing] any pursuit of civil action for the erroneous disciplinary in prison, and false accusations." Id. at 8.

III. Failure to State a Claim

Under the First and Fourteenth Amendments to the Constitution, state inmates have a "fundamental constitutional right of access to the courts," Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)), and prison officials may not actively interfere with their right to litigate, Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011), overruled on other grounds by Coleman v. Tollefson, 135 S. Ct. 1759, 1765 (2015). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 413-15 (2002). For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3)

---

[1] Defendant Hemingway was identified as "Hemenway" in the original complaint.

a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-14), overruled on other grounds by Hust v. Phillips, 555 U.S. 1150 (2009). The right is limited to bringing complaints in direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. It is not a right to discover such claims or to litigate them effectively once filed with a court. Id.

To have standing to bring this claim, plaintiff must allege he suffered an actual injury. Lewis, 518 U.S. at 351-52; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994). In other words, he must have been denied the necessary tools to litigate a nonfrivolous claim attacking a conviction, sentence, or conditions of confinement. Christopher, 536 U.S. at 415 (citing Lewis, 518 U.S. at 353 & n.3); Lewis, 518 U.S. at 354.

The allegations of the amended complaint do not demonstrate an actual injury because defendants' actions did not deny plaintiff the ability to litigate a claim. Plaintiff asserts that "[t]he grievance was granted, which if allowed to properly play out plaintiff could have brought these violation [sic] to court as a 42 U.S.C. 1983 complaint." ECF No. 13 at 3. Plaintiff also contends that if he had been given a new disciplinary hearing and been found not guilty, it would have proved that there was a due process violation in the first hearing and that prison staff was civilly liable. Id. at 14.

It appears that plaintiff believes that he could not file a complaint unless his grievance was granted. However, that is not the case. The Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies prior to bringing a lawsuit, not that his administrative appeal be successful. 42 U.S.C. § 1997e(a). The fact that plaintiff believes that he would have had a better case if his grievance been granted does not mean that defendants interfered with his access to the courts. Plaintiff has therefore failed to state a claim upon which relief could be granted.

IV. No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects

in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

Plaintiff's allegations that defendants denied him access to the courts do not state viable claims for relief. Given the nature of the claims, leave to amend would be futile and it will therefore be recommended that the complaint be dismissed without leave to amend. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile." (citation omitted)).

V.  Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend. The denial of your administrative appeal did not prevent you from bringing your claim to court.

IT IS HEREBY RECOMMENDED that the first amended complaint (ECF No. 13) be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 3, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE